STATE BANK OF REESEVILLE, Appellant, vs. KIENBERGER and others, Respondents.

*October 8—October 26, 1909.*

*School districts: Officers: Contracts: Individual liability for supplies purchased: Illegally issued school order.*

1. In an action upon an agreement by which defendants bound themselves individually and as school district officers to pay for certain goods in cash or a legally issued school warrant, plaintiff cannot recover from the defendants individually without showing that the school warrant which was in fact issued as payment was illegally issued.

2. A school warrant or order issued by the proper officers of a school district will be presumed to be a legal order until the contrary is shown.

3. Where a purchase of school supplies was never authorized or approved at a meeting of the district board, as required by secs. 432, 436, Stats. (1898), and a school warrant or order issued in payment therefor was not authorized or ratified at a board meeting but was signed by the members of the board independently and not in the presence of each other, such warrant was not legally issued.

APPEAL from a judgment of the circuit court for Dodge county: GEORGE GRIMM, Judge. *Reversed.*

This action was brought by plaintiff as assignee of the Agricultural Educational Society, a foreign corporation, to recover the amount agreed to be paid under the following contract:

"This order is not valid unless signed by the majority of the Board.

*"To the Agricultural Educational Society,*

"356 Dearborn St., Chicago, Ill.

"GENTLEMEN: Please ship, prepaid, freight one set of Country Life and Agricultural Education to *Mr. Theo. Kienberger* at Beaver Dam, county of Dodge, State of Wis. for School District No. 8, Township of Calamus, County of Dodge, State of Wis., for which we agree to pay forty-seven dollars and fifty cents per set, making a total sum of forty-

seven and 50-100 dollars; the same to be paid in cash or legally issued school warrant. If warrant is issued, to be paid Oct. 1st, 1905.

"The Agricultural Educational Society hereby guarantees that the goods shall be in good condition upon delivery, or purchaser shall not be obliged to accept the same.

"We, the undersigned, individually and as school officers, agree to take the goods from the freight office on their arrival and pay for the same as above stated, and that no verbal agreement shall in any way change this order.

"Date Aug. 8th, 1905.

"Post office: Columbus, No. 2.

"THEO. KIENBERGER.
"A. ZARWELL.
"JOHN BRAKER."

The complaint alleges the making of the contract, also the making of the school order to the Agricultural Educational Society for the sum of $47.50, the alleged purchase price, and that said order was signed by the clerk, director, and treasurer of the district, and was due and payable October 1, 1905; that after the making and delivery the contract, together with the order, was assigned to the plaintiff, and the order presented for payment and not paid; that plaintiff also demanded of the defendants individually the payment of the amount due on contract, and that there is due from the defendants by reason of the contract $47.50 with interest from October 1, 1905; that plaintiff elects to hold the defendants individually on the contract.

The case was first tried in justice's court, and upon appeal to the circuit court the answer was amended so as to set up a general denial, and setting up, among other things, that at the time of signing the order the defendants constituted the school board of district No. 8, town of Calamus, Dodge county, Wisconsin, one being the clerk, another director, and the third treasurer, and that there was no meeting of the school board held for the purchase of any books, and that the order in question was not signed in the presence of the board

jointly, nor was the same ever ratified in any way at any meeting of the board, nor was the order ever recognized as a valid order .against the district, and that the defendants as individuals never received any consideration for signing the order, and that the same was void and of no effect. Payment. was demanded before action brought.

The case was tried by the court, and the following findings of fact and conclusions of law made: That the plaintiff is a corporation duly incorporated and existing under the laws of the state of Wisconsin; that the defendants at and prior to the time of the commencement of this action were the officers of school district No. 8 in the township of Calamus, Dodge county, Wisconsin; that on or about the 8th day of August, 1905, the defendants individually and as such school officers entered into an agreement in writing with the Agricultural Educational Society, a foreign corporation, for the purchase of a set of books and charts designated as "One set of Country Life and Agricultural Education," by the terms of which agreement they bound themselves individually and as such school officers to receive said goods on arrival and pay for the same the sum of $47.50 either in cash or by a legally issued school warrant payable October 1, 1905; that at the same time the defendants as such school . officers duly executed to said Agricultural Educational Society an order upon the treasurer of said school district for the payment of said sum of $47.50, and delivered the same to said society pursuant to the terms of said contract; that on or about the 14th day of August, 1905, plaintiff for value became and now is the owner of said agreement and school order; and that it brings this action to recover from the defendants individually the sum of $47.50 upon said agreement. And as conclusion of law that the defendants are entitled to judgment dismissing said action with costs.

Judgment was rendered for the defendants, from which this appeal was taken.

For the appellant there were briefs by *Kading & Kading,* and oral argument by *C. A. Kading.*

For the respondents there was a brief by *Malone & Miller,* and oral argument by *J. E. Malone.*

KERWIN, J.  The complaint in this case seems to be grounded upon the right to recover because of nonpayment of the order and the right on the part of the plaintiff to elect to hold the defendants individually liable.  There is no allegation in the complaint that the order was illegally issued, but there is an allegation, as we have seen, that the order was made, executed, and delivered to the Agricultural Educational Society on *John Braker* as treasurer of the school district in the sum of $47.50 for value, and signed by the clerk, director, and treasurer.  It is quite clear from the contract that it was necessary for plaintiff to show, in order to recover, that the order issued was an illegal order or illegally issued, because, an order having been issued as alleged by the proper officers of the school district, it must be presumed to be a legal order until the contrary is shown.  But the theory of the defendants seems to have been, as well by the allegations of their answer as by the proof, that the order was illegally issued, and they set up facts in their answer showing that the order was illegally issued, and the evidence in the case supports these allegations.  The answer sets forth, as before stated, that there was no meeting of the school board held for the purchase of any school books and that said order was not signed in the presence of the board jointly.  The evidence sustains these allegations and shows that the board never met as a board and never voted to purchase the books or execute the order, but it appears that the order was signed by the members of the board independently and not in the presence of each other.  So we think it is established conclusively, not only by the allegations of the answer but by the proof, that the alleged order was not legally issued,

therefore not binding upon the district. Sec. 432, Stats. (1898), provides that no act authorized to be done by the school board shall be valid unless voted at its meeting, and sec. 436, Stats. (1898), provides that purchases of school supplies must be approved at a regular meeting of the board at which all members are present. The evidence establishes conclusively that these provisions of the statute were not complied with, therefore the order was illegally issued. This being so the plaintiff had a cause of action against the defendants individually under the contract, which provides that the set of "Country Life and Agricultural Education" mentioned in the contract must be paid for in cash or by a legally issued school warrant payable October 1, 1905, and it appearing no warrant was legally issued the defendants became individually liable under the contract. It follows, therefore, that upon the undisputed facts the plaintiff is entitled to recover.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to enter judgment for the plaintiff.